# Barton v. Reynolds.

*Practice, C. P.—Agreement as to question at issue—New trial—Waiver.*
Where, pending a rule for a new trial the parties file of record an agreement in writing wherein it is specified that the sole question for the determination of the court is whether the case is res adjudicata, and the agreement specifies the judgment which should be entered upon a decision of the question in favor of either of the parties, and a right of appeal is reserved, the agreement involves a waiver of all irregularities in the jury trial, and on appeal no question can be raised as to such irregularities.

*Res adjudicata—Execution—Replevin—Sheriff's interpleader.*
The refusal of an issue upon the application of the sheriff under the Act of May 26, 1897, P. L. 95, is not a final adjudication on the merits of the title of the claimant in possession of the goods.   The claimant may have been in possession under a contract of conditional sale, or as a pledgee, and if he has failed to perform the condition in one case, or his debt has been paid in the second case, both his title and right of possession may have ceased.   The right, title and interest of the execution defendant in the goods may then be sold under a subsequent writ and upon the same judgment, and in replevin by the purchaser against the claimant, the latter cannot allege the prior order of the court as res adjudicata.

Argued Feb. 13, 1901.   Appeal, No. 6, Feb. T., 1901, by defendant, from judgment of C. P. Lycoming Co., June T., 1899, No. 488, on verdict for plaintiff in case of Isaac Barton v. Harry Reynolds.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Replevin for a steamboat and other personal property.   Before METZGER, P. J.

From the record it appeared that E. Keeler Company having a judgment in the court of common pleas of this county against L. D. Copeland et al., entered to No. 211, June term, 1898, and also John A. Hopkins having a judgment against said L. D. Copeland & Brother, entered to No. 202, March term, 1898, upon each of said judgments a writ of fieri facias was issued and a levy made by the sheriff upon certain property which was claimed by Harry Reynolds, the defendant in this case.   The sheriff presented a petition under the interpleader act for rule to show cause why an issue should not be awarded to determine the ownership of the goods and chattels referred to in said peti-

tion, in which proceedings of the sheriff the said John A. Hopkins, the E. Keeler Company, L. D. Copeland and the said Harry Reynolds were made parties. The court, after hearing, discharged the rule for an issue and directed the sheriff to withdraw from the custody of the property. Subsequently, after the return of the original fieri facias, alias writs of fieri facias were issued upon said judgments of E. Keeler Company and John A. Hopkins, upon which said writs of execution the sheriff did not seize or take the said property into custody, but sold all the right, title and interest of L. D. Copeland & Brother in the property, and said Isaac Barton, the plaintiff in this case, became the purchaser at such sheriff sale, the said Isaac Barton being a member of the firm of E. Keeler Company, and representing the same.

The plaintiff in this case thereupon brought this action of replevin against Harry Reynolds, the defendant, who was the claimant of said property, and who had the possession thereof. Upon the trial of this case the defendant offered in evidence the interpleader proceedings, and the decision of the court therein, and claimed that the same was a bar to the maintenance of this action. At the trial the court submitted the case to the jury on its merits, and for the purpose of having the case determined on its merits, virtually held that the judgment rendered in the interpleader proceedings was not a bar to the present action, but that that question could be further considered on a motion for a new trial.

A verdict was rendered in favor of the plaintiff, whereupon the defendant moved for a new trial. Subsequently the parties, by their counsel, entered into the following agreement, to wit:

" And whereas, the real question in controversy in this case is, whether the decision or order of the court of common pleas of Lycoming county in the case of John A. Hopkins v. L. D. Copeland & Brother on a fi. fa., No. 90, to March term, 1898, and the case of the E. Keeler Co. v. L. D. Copeland & Brother, on a fi. fa., No. 79, to June term, 1898, filed in the court of common pleas of Lycoming county on April 30, 1898, was res adjudicata in this case.

" It is therefore agreed, this 14th day of June, 1900, by and between Candor & Munson and O. G. Kaupp, attorneys for the plaintiff, and T. M. B. Hicks, attorney for the defendant, that

it is to be considered as if the court had reserved the said question of res adjudicata, which question is to be argued to the said court as a question of law reserved, and upon that question the court is to enter judgment for the plaintiff or for the defendant non obstante veredicto, as the court may be of opinion, and if the court shall enter judgment for the defendant non obstante veredicto, then judgment shall also be entered for the defendant for $50.00, damages.

" Either party shall be entitled to appeal from said judgment to the proper appellate court.

" This agreement to supersede the motion for a new trial.

" It is understood that nothing herein contained shall be taken to bind either party as to the value of the property in controversy."

The court entered judgment for plaintiff on the question reserved by the agreement of the parties.

*Errors assigned* were (1–8) various rulings on evidence at the trial, and instructions. (9) In entering judgment for the plaintiff on the question reserved by the agreement of the parties.

*T. M. B. Hicks*, for appellant.—Former recovery is conclusive whether pleaded or not: Marsh v. Pier, 4 Rawle 273, 287–289; Bell v. Allegheny County, 184 Pa. 296, 306; Kilheffer v. Herr, 17 S. & R. 319, 325, 326; Finley v. Hanbest, 30 Pa. 190; Westcott v. Edmunds, 68 Pa. 34; Eckman v. Eckman, 68 Pa. 460; Sill v. Swackhammer, 103 Pa. 7; Biddle v. Tomlinson, 115 Pa. 299; Bain v. Lyle, 68 Pa. 60; Com. v. Burns, 14 Pa. Superior Ct. 248; Harris v. Shuster, 3 Pa. Superior Ct. 331.

*C. Larue Munson*, with him *Addison Candor* and *Otto G. Kaupp*, for appellee.—A judgment to be conclusive must be (*a*) final; (*b*) between the same parties, or their privies; and (*c*) on the merits of the case: Com. v. Burns, 14 Pa. Superior Ct. 248; Book v. Sharpe, 189 Pa. 44.

This was not a final judgment: Book v. Sharpe, 189 Pa. 46; Com. v. Burns, 14 Pa. Superior Ct. 257.

Neither the parties were the same, nor the subject-matter identical: Book v. Sharpe, 189 Pa. 47; Myers v. Kingston Coal Co., 126 Pa. 582.

The decision was not, nor could it be, upon the merits: Book v. Sharpe, 189 Pa. 48.

OPINION BY W. D. PORTER, J., July 25, 1901:

The jury found all the disputed questions of fact against the defendant, and no question of law was at the trial formerly reserved by the court. The defendant made a motion for a new trial, and in support thereof alleged errors of the court in the rulings which had led to the verdict against him. While this motion was pending the parties filed of record a paper, stating the verdict and the pendency of a motion for a new trial, in which they agreed that, " the real question in controversy in this case is, whether the decision or order of the court of common pleas of Lycoming county in the case of John A. Hopkins v. L. D. Copeland & Bro., on a fi. fa., No. 90, March term, 1898, and the case of the E. Keeler Company v. L. D. Copeland & Bro., on a fi. fa., No. 79, June term, 1898, filed in the court of common pleas of Lycoming county on April 30, 1898, was res adjudicata in this case." They specifically agreed that the case was to be considered " as if the court had reserved the stated question of res adjudicata, which question is to be argued to the said court as a question of law reserved, and upon that question the court is to enter judgment for the plaintiff or for the defendant non obstante veredicto as the court may be of opinion, and if the court shall enter judgment for the defendant non obstante veredicto, then judgment shall also be entered for the defendant for $50.00 damages. Either party shall be entitled to appeal from said judgment to the proper appellate court. This agreement is to supersede the motion for a new trial." Until this agreement was filed the case was entirely within the control of the court below and if there had been errors at the trial it was within the power of the learned judge to correct them by granting a new trial. When the parties solemnly agreed that the real question in controversy was one of law and, in a writing filed of record, submitted that question to the determination of the court and specified the judgment which should be entered upon a decision of the question in favor of either of the parties, it involved a waiver of all irregularities in the jury trial. This agreement was a case stated submitted to the court, the mutual covenants were a sufficient consideration to support each other, and the right which the

parties reserved, " to appeal from said judgment," must be construed to refer to the question presented by the case stated. By force of this agreement, if the law upon the question presented had permitted, the defendant made it possible to have judgment entered in his favor non obstante veredicto and, also, to have his damages liquidated. The abstract of docket entries printed by the appellant shows that the learned judge of the court below, in disposing of this question, filed an opinion which ought to have been printed, but it does not appear in the appellant's paper-book. The court entered judgment in favor of the plaintiff upon the question presented by the agreement of the parties.

Are the records referred to in the agreement of the parties conclusive of their rights in the present proceeding ? The records referred to show that judgments had been entered against L. D. Copeland & Bro. and under executions issued thereon the sheriff levied upon and took possession of, inter alia, the property involved in this proceeding. All the property levied upon was claimed by this defendant; upon the application of the sheriff a rule was granted upon the parties to show cause why an issue should not be framed to determine the ownership of the goods, and on April 30, 1898, the court filed this order : " The rule for an issue is discharged, and the sheriff is directed to withdraw from the custody of the property." The question there presented involved the right of the sheriff, under his writs, to take possession of the property, sell it and deliver possession to the purchaser. That is all that was determined in that proceeding. If at that time the appellant was in possession of the goods as a purchaser from Copeland under a contract of conditional sale, and the time had not arrived for the performance of the condition, it is clear that his possession was good against the sheriff; but if by subsequent failure to perform the condition he forfeited his right of possession and defeasible title, the goods would be liable to seizure upon an execution against Copeland. If the appellant held the goods as a pledge for the security of a debt, so long as the debt remained unpaid, his right of possession was good against the sheriff, and it would be incumbent upon the court to order the latter to withdraw from the custody of the goods. In neither of these cases would the discharge of a rule for an issue and a delivery of the property to

the claimant be an adjudication that he was the absolute owner of the property. The right, title and interest of the execution defendant in the goods might be sold under a subsequent writ, upon the same judgment, and the parties would be left free to determine the question of title in any proper proceeding. The theory upon which this plaintiff recovered was that the defendant was a mortgagee in possession of the property involved in the interpleader proceeding, and that he had subsequently collected his debt by selling part of the property, the title to which part was not here in question. This state of facts vindicated the action of the court in discharging the rule for an issue, in the first instance, and in entering judgment in favor of the plaintiff upon the question presented by the agreement of the parties in this case.

The judgment is affirmed.